# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DOLORES STACHURSKI and BOB KRAVOS, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> DIRECTV, INC., <br><br> Defendant. | Case No. 1:08-CV-02850 <br><br> JUDGE SOLOMON OLIVER, JR. <br><br> **<u>DECLARATION OF VALERIE MCCARTHY FILED IN SUPPORT OF DIRECTV'S MOTION TO DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION AND TO COMPEL ARBITRATION</u>** |

I, Valerie W. McCarthy, declare and affirm as follows:

1. I have been employed by DIRECTV, Inc. ("DIRECTV") for thirteen years, and for the past eight years have held the position of Senior Manager in Customer Care. In my current position, I work with subscriber data as part of my daily job functions. I am also knowledgeable about the written contract that governs DIRECTV's relationship with its customers ("Customer Agreement"), and the process by which customers receive that Customer Agreement. The facts contained in this declaration are based on my personal knowledge or my review of corporate records, and I can testify competently to them if called upon to do so.

2. DIRECTV provides digital television services to consumers nationwide. To obtain these services, a potential DIRECTV subscriber obtains, either directly from DIRECTV or a retailer, the equipment necessary to receive DIRECTV's satellite signal. Once the equipment is installed, the potential customer then selects one or more of DIRECTV's programming packages

and services. DIRECTV then activates the customer's services, and the customer begins to receive programming.

3. The relationship between DIRECTV and each customer is governed principally by the Customer Agreement, which is available on DIRECTV's website and is mailed to each customer along with his or her first billing statement. The Customer Agreement sets forth the parties' rights and obligations and explains the terms and conditions of subscribing to DIRECTV services.

4. When the Customer Agreement is updated, a copy of the updated Customer Agreement is mailed to DIRECTV's existing customers along with their next billing statement. For customers who do not receive hard-copy billing statements, a copy of the Customer Agreement is mailed separately to the customer's billing address.

5. Robert Kravos (DIRECTV Account Number 15358422) has subscribed to DIRECTV's service since approximately January 20, 2004. I understand from Mr. Kravos's complaint that he and Dolores Stachurski reside at the same residence and, as co-plaintiffs in this action, are both making claims related to Mr. Kravos's service. To my knowledge and according to DIRECTV records, Mr. Kravos has always received his DIRECTV billing statements and services in Ohio. DIRECTV mailed Mr. Kravos his first billing statement on or about January 21, 2004, and included with his first statement a copy of the DIRECTV Customer Agreement then in effect. At that time, the Customer Agreement in effect between Mr. Kravos and DIRECTV was effective as of September 2001, until replaced. After receiving the Customer Agreement, Mr. Kravos did not dispute any terms or conditions in the agreement, and did not cancel his DIRECTV services. A true and correct copy of Mr. Kravos's 2001 Customer Agreement with DIRECTV is attached as Exhibit A.

6. Over the next several years, Mr. Kravos was sent updated Customer Agreements in October 2004, May 2006 and May 2007 along with his October 21, 2004, May 21, 2006, and May 21, 2007 billing statements. True and correct copies of the 2004, 2006 and 2007 Customer Agreements are attached to this declaration as Exhibits B, C, and D, respectively. Each of the 2004, 2006 and 2007 Customer Agreements contained arbitration provisions substantially similar to the 2001 Customer Agreement. After receiving the 2004, 2006 and 2007 Customer Agreements, Mr. Kravos neither disputed the terms or conditions, nor cancelled his DIRECTV services. He continued receiving DIRECTV programming until May 12, 2008 when his service was cancelled.

7. In February of 2008, Mr. Kravos took advantage of a special offer for new, upgraded receiving equipment at no charge, other than shipping and handling. On or about February 11, 2008, DIRECTV sent Mr. Kravos a letter confirming that order. Attached as Exhibit E is a true and correct copy of that order confirmation letter. The order confirmation letter described Mr. Kravos' order, identified Mr. Kravos's programming commitment, described the fee that could be assessed if he did not fulfill that commitment, and reminded Mr. Kravos of his agreement to arbitrate disputes with DIRECTV as set forth in his Customer Agreement. After receiving that letter, Mr. Kravos did not call to cancel his order. Almost a month later, on March 10, 2008, he activated the two new DIRECTV model D11-500 receivers that he obtained as part of the special offer, which triggered his programming commitment. In connection with that equipment transaction, and as set forth in his order confirmation letter, he agreed to maintain a certain level of programming for eighteen months.

8. The early cancellation fee, which I understand to be the basis for Plaintiffs' lawsuit, was assessed by DIRECTV on May 15, 2008. At that time, Mr. Kravos's DIRECTV service was subject to the terms and conditions in the April 2007 Customer Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____January 28, 2009____, in El Segundo, California.

_____
Valerie W. McCarthy

**Certificate of Service**

    I hereby certify that on January 29, 2009, a copy of the foregoing *Declaration of Valerie McCarthy Filed in Support of DIRECTV's Motion to Dismiss or Stay Proceedings Pending Arbitration and to Compel Arbitration* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

        Respectfully Submitted,

        /s/    Robyn E. Bladow
        MELISSA D. INGALLS (Cal. Bar No. 174861)
        ROBYN E. BLADOW (Cal. Bar No. 205189)
        *Admitted Pro Hac Vice*
        KIRKLAND & ELLIS LLP
        777 S. Figueroa Street
        Los Angeles, CA 90017
        (213) 680-8400 (tel)
        (213) 680-8500 (fax)
        mingalls@kirkland.com
        rbladow@kirkland.com

        JAMES F. LANG (Ohio Bar No. 0059668)
        PETER A. ROSATO (Ohio Bar No. 0068026)
        FRITZ E. BERCKMUELLER (Ohio Bar No. 0081530)
        CALFEE, HALTER & GRISWOLD LLP
        1400 KeyBank Center
        800 Superior Avenue
        Cleveland, OH 44114
        (216) 622-8200 (tel)
        (216) 241-0816 (fax)
        jlang@calfee.com
        prosato@calfee.com
        fberckmueller@calfee.com

        Attorneys for Defendant DIRECTV, Inc.